UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x
GERALD NEIL and JOYCELYN E. NEIL,

                                 Plaintiffs,              15 CV 1859 (KPF)

        -against-

                                               AMENDED
THE CITY OF NEW YORK, POLICE OFFICER EDWARD      COMPLAINT
MORAN,  Shield No. 22322, POLICE OFFICER MICHAEL
GUIDA, Shield No. 6847, and POLICE OFFICER LISA (MUSSO)
MITCHELL, Shield No.: 7133,                         Jury Trial Demanded

                            Defendants.
--------------------------------------------------------------------x

Plaintiffs, GERALD NEIL and JOYCELYN E. NEIL, by their attorney, EDWARD

FRIEDMAN, complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

1.    Plaintiffs bring this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S. §§ 1983 and 1988 for violation of the plaintiffs' civil

rights, as said rights are secured by said statutes and the Constitution of the State of New

York and the United States.

## JURISDICTION

2.    The action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.     Venue is properly laid in the Eastern District of New York under 28 U.S.C. §1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiffs respectfully demand a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.     Plaintiffs GERALD NEIL and JOYCELYN E. NEIL are legal residents of the United States and plaintiff GERALD NEIL is a resident of the State of New York.

7.     Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, City of New York.

9.     That at all times hereinafter mentioned, the defendants, EDWARD MORAN, MICHAEL GUIDA, and LISA MUSSO (MITCHELL) were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

2

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the officials rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

12. Each and all of the acts to be alleged herein were done by said individuals while acting in furtherance of their employment by defendant CITY OF NEW YORK.

## FACTS

13. On March 17, 2014 at approximately 3 P.M. plaintiffs GERALD NEIL and his mother, JOYCELYN E NEIL were lawfully descending an escalator leading to the Times Square subway station on 7th Avenue in the City, County and State of New York.

14. While descending on the escalator GERALD NEIL accidentally bumped into a female who was also descending on the escalator. She proceeded to curse at GERALD NEIL and punched him in the face causing him to bleed. GERALD NEIL did not commit any crime or violation with regard to the female.

15. At the aforesaid time and place, the defendants, members of the New York City Police Department arrived at the scene and asked GERALD NEIL if he wished to press charges against the female. He responded that he did not and wished to go home.

3

16.     At no time during the entire incident did JOYCELYN E. NEIL engage in any illegal conduct. She was attempting to render aid to her bleeding son.

17.     At the aforesaid time and place, the defendants, members of the New York City Police Department, unlawfully and without reasonable suspicion or probable cause arrested both plaintiffs. Plaintiff GERALD NEIL was handcuffed and taken into custody, held for approximately 24 hours at Midtown South Precinct and then New York County Central Booking.

18.     Plaintiff JOYCELYN E. NEIL was thrown to the ground, placed in handcuffs that were unnecessarily tight and held in custody for approximately 40 minutes. She was issued a summons and released from custody.

19.     Plaintiff JOYCELYN E. NEIL was charged with disorderly conduct. She made one appearance in Midtown Community Court and her case was dismissed as facially insufficient on June 4, 2015 by Judge Felicia A. Mennin.

20.     Plaintiff GERALD NEIL was charged with obstructing governmental administration in the second degree, disorderly conduct and harassment in the second degree. He made several appearances in Manhattan Criminal Court when, on December 10, 2014, all charges were dismissed on the merits on the motion of the Manhattan District Attorney's Office.

21.     As a result of the foregoing, plaintiffs, GERALD NEIL and JOYCELYN E. NEIL, sustained, *inter alia*, emotional distress, physical injuries, embarrassment, and

4

humiliation, and deprivation of their constitutional rights.

## FEDERAL CLAIMS

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF GERALD NEIL
(Deprivation of Rights Under 42 U.S.C. §1983)

22.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "21" with the same force and effect as if fully set forth herein.

23.    All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of State law.

24.    All of the aforementioned acts deprived plaintiff GERALD NEIL of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States, and in violation of 42 U.S.C. §1983.

25.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

26.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police offices, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

27.    Defendants, collectively and individually, while acting under color of State

law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

28.     As a result of the aforementioned conduct of defendants, plaintiff GERALD NEIL was injured.

## AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF GERALD NEIL
### (False Arrest Under 42 U.S.C. §1983)

29.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number "1" through "28" with the same force and effect as if fully set forth herein.

30.     The defendants unlawfully arrested the plaintiff against his will without probable cause.

31.     As a result of the foregoing, plaintiff was deprived of his Fourth and Fourteenth Amendment rights.

## AS AND FOR A THIRD CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF GERALD NEIL
### (Malicious Prosecution Under 42 U.S.C.§1983)

32.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33.     Defendants initiated, commenced and continued a malicious prosecution against the plaintiff by providing false and/or misleading information to the New York

6

County District Attorney's Office.

34.    As a result of the aforementioned conduct of defendants, plaintiff GERALD NEIL   was injured.

## AS AND FOR A FOURTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF GERALD NEIL
### (Supervisory Liability Under 42 U.S.C. §1983)

35.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs number "1" though "34" with the same force and effect as if fully set forth herein.

36.    The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to property supervise and train their subordinate employees.

37.    As a result of the aforementioned conduct of defendants, plaintiff GERALD NEIL was injured.

## AS AND FOR A FIFTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF GERALD NEIL
### (Failure To Intervene Under 42 U.S.C. §1983)

38.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number "1" through "37" with the same force and effect as if fully set forth herein.

39.    Defendants had an affirmative duty to intervene on behalf of plaintiff GERALD NEIL.; whose constitutional rights were being violated in their presence by other officers.

40.    The defendants failed to intervene to prevent the unlawful conduct described

herein.

41.     As a result of the foregoing, plaintiff 's liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

## AS AND FOR A SIXTH  CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF GERALD NEIL
### (Municipal Liability Under 42 U.S.C. §1983)

42.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

44.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, a de facto blanket policy, custom or practice of encouraging the unlawful arrests and  detention of young African-American males by the NYPD.  In Addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff GERALD NEIL's rights as described herein.  As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and

8

has been deliberately indifferent to, the acts and conduct complained of herein.

45.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff...

46.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff GERALD NEIL as alleged herein.

47.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff as alleged herein.

48.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the city of new York and the New York City Police Department, plaintiff GERALD NEIL was unlawfully stopped, seized, detained and incarcerated.

49.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff GERALD NEIL'S constitutional rights.

50.    All of the foregoing acts by defendants deprived plaintiff GERALD NEIL of federally protected rights, including, but not limited to, the right:

A.    To be free from false arrest and malicious prosecution;

B.    To be free from the failure to intervene.

51.    As a result of the foregoing, plaintiff GERALD NEIL  is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## FEDERAL CLAIMS

### AS AND FOR A SEVENTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF JOYCELYN E. NEIL
(Deprivation of Rights Under 42 U.S.C.§1983)

52.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "51" with the same force and effect as if fully set forth herein.

53.    All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of State law.

54.    All of the aforementioned acts deprived plaintiff JOYCELYN E. NEIL of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States, and in violation of 42 U.S.C. §1983.

55.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

56.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police offices, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

57.    Defendants, collectively and individually, while acting under color of State

10

law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

58.    As a result of the aforementioned conduct of defendants, plaintiff JOYCELYN E. NEIL  was injured.

### AND FOR AN EIGHTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF JOYCELYN E. NEIL
(False Arrest Under 42 U.S.C. §1983)

59.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number "1" through "58" with the same force and effect as if fully set forth herein.

60.    The defendants unlawfully arrested the plaintiff against her will without probable cause.

61.    As a result of the foregoing, plaintiff was deprived of her Fourth and Fourteenth Amendment rights.

### AS AND FOR A NINTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF JOYCELYN E. NEIL
(Excessive Force Under 42 U.S.C. §1983)

62.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63.    The defendants unlawfully used excessive force against the plaintiff without justification.

64.    As a result of the aforementioned conduct of defendants, plaintiff JOYCELYN

11

E. NEIL was injured and suffered injuries, including but not limited to, her hands, shoulder and back.

## AS AND FOR A TENTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF JOYCELYN E. NEIL
(Supervisory Liability Under 42 U.S.C. §1983)

65. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs number "1" though "64" with the same force and effect as if fully set forth herein.

66. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to property supervise and train their subordinate employees.

67. As a result of the aforementioned conduct of defendants, plaintiff JOYCELYN E. NEIL was injured.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF JOYCELYN E. NEIL
(Failure To Intervene Under 42 U.S.C. §1983)

68. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number "1" through "67" with the same force and effect as if fully set forth herein.

69.. Defendants had an affirmative duty to intervene on behalf of plaintiff JOYCELYN E. NEIL whose constitutional rights were being violated in their presence by other officers.

70. The defendants failed to intervene to prevent the unlawful conduct described

herein.

71.     As a result of the foregoing, plaintiff 's liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

## AS AND FOR A TWELFTH  CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF JOYCELYN E. NEIL
(Municipal Liability Under 42 U.S.C. §1983)

72.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

74.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, a de facto blanket policy, custom or practice of encouraging the unlawful arrests, detention and use of excessive force against African-Americans by the NYPD.  In Addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff JOYCELYN E. NEIL's rights as described herein.  As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized,

13

ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

75.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff...

76.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff JOYCELYN E. NEIL as alleged herein.

77.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff as alleged herein.

78.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the city of new York and the New York City Police Department, plaintiff JOYCELYN E. NEIL was unlawfully stopped, seized, detained and incarcerated.

79.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff JOYCELYN E. NEIL's constitutional rights.

80.    All of the foregoing acts by defendants deprived plaintiff JOYCELYN E. NEIL of federally protected rights, including, but not limited to, the right:

      A.    To be free from false arrest, malicious prosecution and excessive force;

      B.    To be free from the failure to intervene.

81.   As a result of the foregoing, plaintiff JOYCELYN E. NEIL is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

WHEREFORE, plaintiffs demand judgment and pray for the following relief, jointly and severally, against the defendants:

A.   Full and fair compensatory damages for each plaintiff in an amount to be determined by a jury;

B.   Punitive damages for each plaintiff in an amount to be determined by a jury;

C.   Reasonable attorney's fees and the costs and disbursements of their actions; and

D.   Such other and further relief as appears just and proper.

Dated:  Brooklyn, New York
        August 3, 2015

EDWARD FRIEDMAN (EDF 4000)
Attorney for Plaintiff

26 Court Street - Suite 1903
Brooklyn, New York   11242
(718) 852-8849